# PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WAVETRONIX LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 1:24-CV-00190-ADA-DTG |
| | § | |
| **ITERIS, INC.,** | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY (ECF NO. 185) AND
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 65)**

TO:   THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

On May 21, 2024, the Court held a Motions Hearing for this case to address pending motions. ECF No. 277 (Minute Entry for proceedings held on May 21, 2024).[1] This Report and Recommendation pertains to Plaintiff's motions for affirmative summary judgments of liability. ECF No. 65 is Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability for Breach of Contract, filed April 10, 2023. Defendant filed its response in opposition on May 8, 2023. ECF No. 73. Plaintiff filed a reply in support of its original summary judgment motion on May 26, 2023. ECF No. 88. On February 5, 2024, Plaintiff filed its Amended Motion for Partial Summary Judgment on Liability Issues "to replace" ECF No. 65 and "supplement the record

---

[1] The Rough Transcript is on file with the Court (hereinafter, "2024-05-21 Rough Tr.").

with the evidence revealed in discovery." ECF No. 185 at 3 (Amended Motion for Partial Summary Judgment on Liability Issues). Defendant opposed the motion in a response filed February 27, 2023. ECF No. 212. Plaintiff filed a reply in support of its amended summary judgment motion on March 5, 2024. ECF No. 226. Defendant argued in its opposition to the Amended Motion for Summary Judgment that Plaintiff's Amended motion simply "rehashes its premature Motion for Partial Summary Judgment." ECF No. 212 at 1. At the hearing on May 21, the parties agreed that ECF No. 65 was moot given the filing of ECF No. 185. 2024-05-21 Rough Tr. at 4:15–5:3.

This recommendation memorializes the Court's ruling at the hearing on May 21, 2024. *Id.* (mooting ECF No. 65); *id.* at 218:9–18 (denying ECF No. 185). After careful consideration of the briefs, the applicable law, and arguments of counsel, the Court **RECOMMENDS** that the Amended Motion for Summary Judgment (ECF No. 185) be **DENIED** and that Plaintiff's original summary judgment motion (ECF No. 65) be **DENIED AS MOOT**.

## I.   FACTUAL BACKGROUND

A. The Settlement Agreement

This case is a breach-of-contract suit brought in this Court based on diversity jurisdiction. The underlying contract ("the Agreement") is a settlement agreement that was formed in 2015 when the parties settled a patent litigation lawsuit that was pending in the Western District of Texas. REDACTED

REDACTED ECF No. 185-5 at 3 (§§ 3.1, 3.3); *see also* ECF No. 185 at 4 (Statement of Fact No. 6); ECF No. 212 at 3 (admitting to Statement of Fact No. 6). REDACTED

2

**REDACTED**

**REDACTED**

ECF No. 185-5 at 2 (§ 1.3) (emphasis added). The "Dilemma Zone" is typically, but not necessarily, a window of time in which a vehicle approaching the stop bar of an intersection will arrive in between 2.5 and 5.5 seconds. ECF No. 185 at 3 (Statement of Fact No. 1); ECF No. 212 at 2 (partially admitting to Statement of Fact No. 1). This is a moment when the driver is too close to the intersection to comfortably stop the car yet too far from the intersection to pass through before the traffic light turns red. *Wavetronix LLC v. Iteris, Inc.*, No. 14-cv-970, 2015 WL 300726, at *1 (W.D. Tex. Jan. 22, 2015) (discussing dilemma zone in the factual background to an order denying a preliminary injunction).

B. **Continuous Mode Functionality**

The parties generally depict Continuous Mode Functionality referred to in the Agreement using the following diagram:



*E.g.*, ECF No. 185-5 at 46 (Settlement Agreement, Ex. B at p. 27); *see also* ECF No. 185 at 7–8 (Statement of Fact No. 22) (referring to this diagram); ECF No. 212 at 6 (admitting to Statement of Fact No. 22). The pre-settlement Continuous Mode Functionality "continuously track[ed] all approaching vehicles and the radar [gave] the range and speed of each vehicle individually." ECF No. 185 at 7 (Statement of Fact No. 20) (alteration in original); ECF No. 212 at 6 (admitting to Statement of Fact No. 20). The near/far distance bounds and min/max speed bounds (the trapezoidal area of the above diagram) in the pre-settlement Continuous Mode

Functionality determined that vehicles were in the Dilemma Zone. ECF No. 185 at 8 (Statement of Fact No. 23); ECF No. 212 at 6 (partially Admitting to Statement of Fact No. 23).

It is undisputed that the Agreement <span style="background-color:black;color:white">REDACTED</span> ECF No. 185-5 at 3 (§§ 3.1, 3.3); *see also* ECF No. 185 at 4 (Statement of Fact No. 6); ECF No. 212 at 3 (admitting to Statement of Fact No. 6). <span style="background-color:black;color:white">REDACTED</span>

ECF No. 185 at 1 (delineating features using this four-clause approach); ECF No. 212 at 11 ("The first sentence describes a general definition." (citing Settlement Agreement, § 1.3)). Defendant's demonstrative slide at the May 21, 2024 Hearing so indicated:

5



*See also* 2024-05-21 Rough Tr. at 142:17–18, 144:5–14 REDACTED

### C. The "Old" Trip Line Mode

The parties generally depict the Trip Line Mode referred to in the Agreement—also referred to by the parties as "Old" Trip Line Mode using the following diagram:

---

[2] While Defendant does not dispute that the first four sentences of section 1.3 define Continuous Mode Functionality, in analyzing liability, Defendant objects to ignoring the remainder of section 1.3 and evaluating Current Trip Line Mode against the first sentence of section 1.3 "with blinders on." ECF No. 212 at 11–12. The Court discusses this *infra*.



ECF No. 185-10 at 3–4 (¶ 14) (Declaration of Todd Kreter, Defendant Iteris's CTO); *see also* ECF No. 185 at 9–10 (Statement of Fact No. 30) (referring to this diagram); ECF No. 212 at 7–8 (admitting Statement of Fact No. 30).

### D. The "Current" Trip Line Mode

The parties generally depict the current version of Trip Line Mode—referred to as "Current" Trip Line Mode using the following diagram:



Figure 2. Current Trip Line Mode.

ECF No. 185-10 at 3–4 (¶ 14) (Declaration of Todd Kreter, Defendant Iteris's CTO); *see also* ECF No. 185 at 5–6 (Statement of Fact No. 11) (referring to this diagram); ECF No. 212 at 4 (referring to this diagram). The dark orange rectangles in the diagram are "trip line zones." ECF No. 185 at 6 (Statement of Fact No. 12); ECF No. 212 at 4 (admitting to Statement of Fact No. 12). The right and left-hand edges of each trip line zone represent distance bounds, and the top and bottom edges of the trip line zones represent minimum and maximum speed bounds, for the

affected trip line zone. ECF No. 185 at 6 (Statement of Fact No. 13); ECF No. 212 at 4 (admitting to Statement of Fact No. 13).

## II. LEGAL STANDARD

The summary judgment standards under the Federal Rules of Civil Procedure are well known, and the Court will only recite some relevant portions here. The Court will not grant summary judgment if there are genuine disputes of material fact. Fed. R. Civ. P. 56. Courts will "draw all reasonable inferences in favor of the nonmoving party" when ruling on a summary judgment motion. *Williams v Hampton*, 797 F.3d 276, 282 (5th Cir. 2015).

The parties agree that Texas substantive contract law applies. 2024-05-21 Rough Tr. at 76:5–23 (Plaintiff's counsel agreeing Texas law applies to the substantive contract issues); *id.* at 78:2–7 (Defendant's counsel, same). The Texas doctrine of substantial compliance in contracts "excuses a party's deviations from a contractual requirement, but only if those deviations do not severely impair the purpose of the requirement." *S. Tex. Elec. Coop. v. Dresser-Rand Co.*, 575 F.3d 504, 508 (5th Cir. 2009). Substantial compliance applies to this contract as neither party argued otherwise and no authority holds otherwise. *Cf. James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 406 (Tex. 2022) (holding that Texas law generally recognizes substantial compliance as a proper standard by which to evaluate satisfaction of contractual notice conditions, rejecting that strict compliance with express conditions precedent is required, explaining that the doctrine of substantial compliance "serves the important purpose of preventing parties from engaging in bad-faith 'gotcha' tactics to avoid their own contractual obligations based on a technicality"). Substantial compliance with contractual provisions is generally "a pure question of fact that the trier of fact alone may decide." *Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*, 86 F.4th 667, 678 (5th Cir. 2023) (quoting *Turrill v.*

*Life Ins. Co. of N. Am.*, 753 F.2d 1322, 1326 (5th Cir. 1985) (holding that the question of substantial compliance is for the factfinder to decide)).

Although substantive issues are governed by Texas state law, federal law governs questions of procedure such as what issues are questions of law and what issues are questions of fact. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1125 (5th Cir. 1978) (holding that federal law governs the allocation of issues between the court and the factfinder). Plaintiff has brought a separate motion contending that it is entitled to a bench trial—i.e., contending there is no right to a jury trial. ECF No. 257 at 3 (Plaintiff's Motion to Strike Jury Demand, asserting "[t]he only relief sought by Wavetronix is equitable in nature, and its claim for equitable relief must be tried to the Court."). The Court granted ECF No. 257 on the record with an order forthcoming. 2024-05-21 Rough Tr. at 219:1–13. When there is no right to a jury trial, the judge will decide all issues of law and fact. *Bailey v. Bailey*, 731 Fed. Appx. 272, 276–77 (5th Cir. 2018) (rejecting argument that district court erred in conducting bench trial for equitable claim).

### III. DISCUSSION

The parties dispute whether questions of fact exist. The Agreement's definition of Continuous Mode Functionality is necessary for analyzing whether Defendant has breached or complied with the Agreement. The Plaintiff contends that Defendant is liable for breach of the Agreement as a matter of law. ECF No. 185 at 3. Defendant argues that the motion for summary judgment should be denied because there are genuine issues of fact as to whether it breached the Agreement. ECF No. 212 at 10.

The Court finds there are genuine disputes of material fact that preclude finding as a matter of law that Defendant has breached the Agreement. First, genuinely disputed issues of fact exist as to whether Current Trip Line Mode is **REDACTED**

REDACTED

REDACTED Second, Plaintiff has failed to show as a matter of law that Current Trip Line Mode is not equivalent to Old Trip Line Mode REDACTED

REDACTED

The Court must look at the Agreement to determine the parties' contractual intent. The parties agree that the Agreement, including section 1.3, is unambiguous. ECF No. 185 at 14 (Plaintiff's Amended Summary Judgment Motion, stating the "plain meaning" of the first phrase of section 1.3 is "clear and unambiguous"); 2024-05-21 Rough Tr. at 5:25, 74:20–23 (counsel for plaintiff stating "this contract is not ambiguous"); *id.* at 42:9–23 (counsel for plaintiff stating that section 1.3 of the Agreement is "very clear" and does not create an ambiguity); *id.* at 217:3–17 (Defendant's counsel confirming that it does not argue that section 1.3 is ambiguous). Texas law requires that when a contract's meaning is unambiguous, the Court's "task is to determine the parties' intentions as expressed in the written instrument." *Apache Deepwater, LLC v. McDaniel Partners, Ltd.*, 485 S.W.3d 900, 906 (Tex. 2016).

Both parties agree the Agreement is unambiguous. Subject to another motion,[3] Defendant agrees with Plaintiff that the Agreement is unambiguous and argues there is a fact question as to breach. 2024-05-21 Rough Tr. at 79:12–17, 81:24–83:10, 217:3–17 (Defendant's counsel distinguishing Defendant's argument on indefiniteness from Defendant's argument on

---

[3] Defendant maintains in a motion that the Agreement is invalid and unenforceable as "indefinite." ECF No. 184 (Defendant's Motion for Summary Judgment of No Contract for Indefiniteness); *see also* ECF No. 212 at 10 (arguing in opposition to Plaintiff's Amended Motion for Partial Summary Judgment on Liability Issues that the Agreement is invalid and unenforceable). The Court denied ECF No. 184 on the record with an order forthcoming. 2024-05-21 Rough Tr. at 218:19–25 (finding that the Agreement is not indefinite).

unambiguity); ECF No. 212 at 10 (outlining primary and alternative arguments to deny Plaintiff's MSJ on liability); ECF No. 185 at 14 (Plaintiff's Amended Summary Judgment Motion, stating the "plain meaning" of the first phrase of section 1.3 is "clear and unambiguous"); 2024-05-21 Rough Tr. at 5:25, 74:20–23 (counsel for plaintiff stating "this contract is not ambiguous"); *id.* at 42:9–23 (counsel for plaintiff stating that section 1.3 of the Agreement is "very clear" and does not create an ambiguity). The Court thus turns to a discussion of liability under the Agreement.

The Court finds that under principles of contract analysis section 1.3 of the Agreement unambiguously defines Continuous Mode Functionality. Plaintiff focuses on the first four clauses of that section. Defendant objects to parsing the four clauses in the first sentence of section 1.3 separately, as if they were claims in a patent, to determine liability while ignoring the remainder of section 1.3 and evaluating Current Trip Line Mode against the first sentence of section 1.3 "with blinders on." ECF No. 212 at 11–12 ("Wavetronix's piecemeal contract interpretation violates black letter Texas contract law."). The Court agrees that it should "give effect to all provisions." *James*, 650 S.W.3d at 403 (*citing URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 763 (Tex. 2018)). In this contract dispute, the Court construes the Agreement—not by patent infringement or claim construction doctrines—but by Texas substantive contract principles, such as that courts construe the language of an unambiguous contract according to its plain, ordinary, and generally accepted meaning. *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 747 (Tex. 2020) (listing well-settled contract-construction principles that courts construe words "in the context in which they are used," to avoid any construction that renders any provisions meaningless, and to consider and construe all of a contract's provisions together). The Court considers section 1.3 as a whole.

The definition of Continuous Mode Functionality is only the starting point for considering the disputed facts on liability, however. REDACTED

REDACTED ECF No. 185-5 at 2, 3 (§§ 1.3, 3.1, 3.3).

*Serby v. First Alert, Inc.* is illustrative of the question that should be submitted to the factfinder in this case. There a federal court was presented with a similar situation as here—whether a smoke detector was "unopenable" within the meaning of a settlement agreement. *Serby v. First Alert, Inc.*, No. 09-cv-4229, 2018 WL 9917714, at *1–2, *4 (E.D.N.Y. Aug. 22, 2018), *aff'd*, 783 Fed. Appx. 38, 42 (2d Cir. 2019). The district court found a genuine dispute of material fact and conducted a bench trial in which both sides presented evidence regarding whether the smoke detector was "unopenable" within the meaning of a settlement agreement. *Id.* at *2, *5. Based on the summary judgment evidence, the Court is presented with similar disputed questions of fact regarding the Agreement that must be resolved by the factfinder. Specifically, the Court finds there are genuine factual disputes about whether REDACTED

The parties offer competing evidence and expert and fact testimony. Defendant asserts the changes that were made from Old Trip Line Mode to Current Trip Line Mode were minor and did not alter the fundamental principles of operation. ECF No. 212 at 3 (Statement of Fact No. 8) (citing ECF No. 185-10 ¶¶ 9–13), 10, 12. Current Trip Line Mode has five trip lines for which users specify a fixed width between 12 feet to 40 feet and a minimum and a maximum speed, while Old Trip Line Mode had three trip lines that were automatically set to widths

between 9.8 feet to 167 feet based on the size of a vehicle reported by a radar sensor and allowed users to set only a minimum speed while its upper speed bound was fixed at 255 mph. ECF No. 185-10 ¶¶ 10, 12, 13; ECF No. 185 at 11 (Statement of Fact No. 37); ECF No. 212 at 9, 10 (admitting to Statement of Fact No. 37). Defendant's expert opines [REDACTED] ECF No. 185-20 ¶ 114 (Report of Dr. Montasir Abbas). Defendant argues, under Current Trip Line Mode, all vehicles within the tolerance of a trip line are "evaluated against the same speed threshold," [REDACTED] ECF No. 212 at 7–8 (Statement of Fact No. 27) (citing ECF No. 185-5 at 18 (Settlement Agreement, Ex. A at WXI_00001236) (stating that the Continuous Mode Functionality [REDACTED] Plaintiff argues that Current Trip Line Mode—like Continuous Mode Functionality—detects vehicles from 50 feet to 600 feet from the stop bar and compares vehicles' ranges and speeds to near/far distance and min/max speed bounds. ECF No. 185 at 5 (Statement of Fact No. 10); ECF No. 226 at 4–5. Plaintiff cites to Defendant's 30(b)(6) witness testimony that he did not [REDACTED] ECF No. 226 at 6 (citing ECF No. 226-2 at 56:9–22). Defendant asserts that Current Trip Line Mode does not evaluate the speed of vehicles while vehicles are in the areas between the trip lines. ECF No. 212 at 3–4 (Statements of Fact Nos. 9–11). Moreover, Defendant asserts that because any distance has been set by a user, there is no standardized recommendation or estimated time of arrival dedicated to Dilemma Zone Protection between 2.5 and 5.5 seconds from the stop bar. *Id.* at 5 (Statement of Fact No. 16).

REDACTED

ECF No. 226 at 3 (citing ECF No. 185-6 at 117:18-118:2).

The parties' evidence prevents the Court from concluding as a matter of law whether Defendant breached or satisfied the Agreement. Therefore, the Court concludes summary judgment on breach of the Agreement is not appropriate and recommends that Plaintiff's Motion be DENIED.

## IV.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **DENY** the Amended Motion for Summary Judgment (ECF No. 185). The undersigned further **RECOMMENDS** that the Court **DENY AS MOOT** Plaintiff's original summary judgment motion (ECF No. 65).

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)

(en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 17th day of June, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE